JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603

United States Courts
Southern District of Texas
FILED

SEP 08 2014

David J. Bradley, Clerk of Court

JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE SHIELDS | ) CIVIL ACTION No. _____ |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) COMPLAINT FOR CIVIL DAMAGES |
| BARCLAYS BANK PLC A/K/A BARCLAYS | ) AND PERMANENT INJUNCTIVE |
| BANK DELAWARE A/K/A BARCLAYCARD | ) RELIEF |
| COLLECTIONS F/K/A JUNIPER BANK | ) |
| | ) |
| Defendant | ) JURY TRIAL REQUESTED |

ORIGINAL COMPLAINT

1. Plaintiff Joe Shields brings this action under the Telephone Consumer Protection Act (hereinafter TCPA), 47 U.S.C. §227, (1991), the Code of Federal Regulations (hereinafter CFR) implementing the TCPA, 47 CFR §64.1200 and Texas Business and Commerce Code (hereinafter "TB&CC") §305.053 to obtain statutory civil damages, treble damages, permanent injunctive relief and all other equitable relief the Plaintiff is entitled to.

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. §227(b)(3) and 28 USC §1357. Federal

Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 47 U.S.C. §227(b)(3). Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 47 U.S.C. §227.

3. Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas and Defendant regularly conducts business in this district by amongst other things directing robocalls to telephone numbers in this district.

## PLANTIFF

4. Plaintiff is an individual residing in Harris County, Texas. Plaintiff is a cellular telephone subscriber in area code 281 which is in this courts venue. Prior to the events complained about Plaintiff had not initiated or requested any contact of any kind with the Defendant. Plaintiff has never done business of any kind with the Defendant.

5. Plaintiff never provided prior express consent to the Defendant or anyone acting in concert with the Defendant for an automatically dialed prerecorded message call (hereinafter "robocall") to be made to Plaintiff's cellular telephone number 281-7XX-XXXX.

COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF

DEFENDANT

6. Barclays Bank PLC a/k/a Barclays Bank Delaware a/k/a Barclaycard Collections f/k/a Juniper Bank (Hereinafter "Barclays") is a Delaware corporation registered with and operating under Texas laws. The Defendant may be served by serving any employee of Defendant's Texas registered agent C T Corporation System via certified mail return receipt requested at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

DEFENDANT'S BUSINESS PRACTICES

7. The Defendant Barclays is a Bank that issues credit cards to their clients. While attempting to collect a past due amount on one of Defendant Barclays' credit card accounts assigned to someone other than the Plaintiff, the Defendant Barclays initiated a robocall to Plaintiff's cellular telephone number 281-7XX-XXXX. Defendant Barclays obtained Plaintiff's cell number through unknown means. The robocall was initiated without the prior express consent of the called party namely the Plaintiff.

8. On or about August 13th, 2013 at or about 10:59 a.m. Plaintiff's cell phone rang indicating an incoming call with caller identification (hereinafter "CID") of 866-740-4298. Upon answering the call Plaintiff was met with a prerecorded message. The prerecorded message failed to provide any identification of the entity responsible for the message:

> "Hello this is customer support calling for Anthony Mooney in regards to your Juniper Bank account. If this is Anthony Mooney press one now. If not press two."

Juniper bank was purchased by the Defendant Barclays in 2004. Accordingly, the Defendant Barclays had sufficient time in the past ten (10) years to provide the proper identity of the entity initiating the robocall. It is typical of those making illegal robocalls to willfully and knowingly hide their identity so they cannot be taken to task for their illegal behavior.

9. Plaintiff answered the call and pressed one in an effort to identify who had initiated the robocall. The robocall was then transferred to a live person who repeatedly stated he was calling on behalf of the Defendant Barclays. Additionally, the CID number 866-740-4298 transmitted with the robocall is a telephone number assigned to the Defendant Barclays. The CID number 866-740-4298 was not a "spoofed" number. The robocall was initiated by Defendant Barclays collection department located in the Philippines. Thus, the robocall was initiated by and on behalf of the Defendant Barclays. Defendant Barclays willfully and knowingly delivered a prerecorded message to Plaintiffs cell phone number.

## THE TCPA

10. The TCPA prohibits robocalls to cellular telephone numbers without prior express consent of the called party. Specifically, 47 U.S.C. §227(b)(1)(A) and 47 CFR §64.1200(a)(1) prohibits robocalls to cellular telephone numbers without prior express consent of the called party. Robocalls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy a quantifiable and actionable injury under the TCPA. Unauthorized and unsolicited robocalls to cell phones are prohibited as they are costly, an invasion of privacy, inconvenient and pose a risk to the safety of the called party.

## TEXAS BUSINESS AND COMMERCE CODE

11. TB&CC §305.053 provides for a separate civil action for the receipt of a communication which violates the TCPA or the CFR implemented under the TCPA. Robocalls to cellular telephone numbers made without prior express consent of the called party are an invasion of the called party's privacy a quantifiable and actionable injury under TB&CC §305.053. Unauthorized and unsolicited robocalls to cell phones are prohibited as they are costly, an invasion of privacy, inconvenient and pose a risk to the safety of the called party.

## VIOLATION OF THE TCPA

Count I

12. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 13th, 2014 at or about 10:59 a.m. a robocall was initiated to Plaintiff's cellular telephone number 281-7XX-XXXX by and on behalf of the Defendant Barclays. The entire call was recorded by the Plaintiff.

13. There was never any prior express consent from the Plaintiff for the Defendant Barclays to initiate such a robocall to Plaintiff's cellular telephone number. Thus the initiation of such robocall is a violation of 47 U.S.C. §227(b)(1)(A)(iii) and  47 CFR §64.1200(a)(1)(iii).

## VIOLATION OF TB&CC

### Count II

14. Plaintiff realleges and incorporates the allegations above as though fully set forth herein. On or about August 13th, 2014 at or about 10:59 a.m. a robocall call was initiated to Plaintiff's cellular telephone number 281-7XX-XXXX by and on behalf of the Defendant Barclays. The entire call was recorded by the Plaintiff.

15. There was never any prior express consent from the Plaintiff for the Defendant Barclays to initiate such a robocall to Plaintiff's cellular telephone number. Thus the initiation of such call is a violation of TB&CC §305.053.

## APPLICABLE TO ALL COUNTS

16. Plaintiff has suffered actual damages for the robocall to his cellular telephone number. The TCPA and TB&CC state that an individual may bring a civil action against a person who violates the TCPA for actual or statutory damages for each violation of the TCPA. See 47 U.S.C. §227(b)(3) and TB&CC §305.053. Consequently, Plaintiff hereby seeks statutory damages of $500.00 for each violation of the TCPA. Thus, Plaintiff seeks $1,000.00 for counts one (1) and two (2).

17. Plaintiff additionally alleges that the violations of the TCPA and TB&CC committed by the Defendant were done willfully and/or knowingly. Pursuant to 47 U.S.C. §227(b)(3) and TB&CC §305.053(c) Plaintiff seeks additional damages in an amount determined by the Court to be equal to treble the amount found by the Court in accordance with Paragraph 16 hereof.

PERMANENT INJUNCTIVE RELIEF

18. An injunction is a matter of law pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053(a)(3). Plaintiff and members of the public will benefit from injunctive relief.

19. Plaintiff alleges that Defendant Barclays will continue the invasion of Plaintiff's and members of the public privacy. Plaintiff alleges that Defendant will continue to irreparably harm Plaintiff and others by continuing to initiate robocalls to Plaintiff's and other members of the public's cellular telephone numbers without prior express consent of the called

party. Consequently, Plaintiff, pursuant to 47 U.S.C. §227(b)(3)(A) and TB&CC §305.053(a)(3) seeks a permanent injunction barring the Defendants from:

a. Initiating by and on their behalf, assisting, facilitating, permitting or causing automatically dialed and/or prerecorded message calls to the cellular telephone numbers of members of the public without 1st obtaining prior express consent of the recipient of the call.

## PRAYER FOR RELIEF

25. WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendant for his damages as allowed by law, treble damages, as allowed by law, permanent injunctive relief as allowed by law, all costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

*/s/ Joe Shields*

Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603